IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARI VANDERWIELE, : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | No. 05-5145 |
| LOUIS JAMES MURPHY, III, GARY : | |
| LEASURE, MARK MARTIN'S J-MAR : | |
| EXPRESS, INC., CAROLYN BLAKE and : | |
| ROBERT THOMPSON, : | |
| Defendants. : | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                       OCTOBER 3, 2005

    This is a personal injury action arising from an automobile accident in Pine Creek, Pennsylvania on October 26, 2003. On September 27, 2005, I *sua sponte* dismissed Plaintiff Kari Vanderwiele's complaint in Civil Action Number 05-5085 for lack of subject matter jurisdiction. Specifically, the Complaint was dismissed because of Plaintiff Kari Vanderwiele's failure to establish the presence of diversity jurisdiction. *See* 28 U.S.C. § 1332 ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States. . . ."). Lack of diversity jurisdiction was evident from the face of the complaint because it alleged that Plaintiff Kari Vanderwiele and Defendants Carolyn Blake and Robert Thompson were all residents of Pennsylvania. In dismissing the complaint, I included a footnote explaining that diversity jurisdiction was additionally lacking due to Plaintiff Kari Vanderwiele's failure to specifically allege that the amount in controversy exceeded the $75,000 jurisdictional threshold set forth in 28 U.S.C. § 1332(a)("[t]he district courts shall have original jurisdiction of

all civil actions where the matter in controversy exceeds the sum or value of $ 75,000. . . .").

One day after the dismissal, on September 28, 2005, Plaintiff Kari Vanderwiele commenced a new action by filing another Complaint.  This Complaint is nearly identical to the previously dismissed complaint.  It includes the same cause of action and is asserted against the same Defendants.  Likewise, this Court's subject matter jurisdiction is premised upon diversity jurisdiction.  The only noticeable difference in the instant Complaint is the addition of the contention that the amount in controversy exceeds the $75,000 jurisdictional threshold.  The instant Complaint satisfactorily alleges the jurisdictional threshold set forth in 28 U.S.C. § 1332(a); nevertheless, it still fails to show the existence of the requisite diversity of citizenship.  Identical to the previously dismissed complaint, the instant Complaint alleges the following: Plaintiff Kari Vanderwiele resides in Coatesville, Pennsylvania (Compl. ¶ 1); Defendant Carolyn Blake resides in Danville, Pennsylvania (Id. ¶ 5); and Defendant Robert Thompson resides in Farrell, Pennsylvania (Id. ¶ 6).  Since Plaintiff Kari Vanderwiele and Defendants Carolyn Blake and Robert Thompson are all residents of Pennsylvania, diversity jurisdiction is still plainly lacking.  See Employers Ins. of Wausau v. Crown Cork and Seal Co., 905 F.2d 42, 45 (3d Cir. 1990)("In order to sustain jurisdiction based on diversity of the parties, there must exist an actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side.").  Consequently, I *sua sponte* dismiss the instant Complaint for lack of subject matter jurisdiction.  See Walls v. Ahmed, 832 F. Supp. 940, 941 (E.D. Pa. 1993)("Lack of subject matter jurisdiction is a ground for dismissal and may be raised at any time by the parties or by the court *sua sponte*.").

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARI VANDERWIELE, : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | No. 05-5145 |
| LOUIS JAMES MURPHY, III, GARY LEASURE, MARK MARTIN'S J-MAR EXPRESS, INC., CAROLYN BLAKE and ROBERT THOMPSON, : | |
| Defendants. : | |

**ORDER**

**AND NOW**, this 3rd day of October, 2005, it is hereby **ORDERED** that Plaintiff Kari Vanderwiele's Complaint (Doc. No. 1) is **DISMISSED** for lack of subject matter jurisdiction.

BY THE COURT:

s/ Robert F. Kelly
Robert F. Kelly,                                  Sr. J.